IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTARTE DAVIS-RICE, ) | No. C 07-5972 MMC (PR) |
| Petitioner, ) | **ORDER ON REMAND FOR RECONSIDERATION; DIRECTIONS TO CLERK** |
| v. ) | |
| PAUL COPENHAVER, Warden, ) | |
| Respondent. ) | |
| _____ ) | |

On November 27, 2007, petitioner, then a federal prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the calculation of her sentence by the Bureau of Prisons ("BOP"). Specifically, petitioner claimed credit, for time she spent in federal custody between July 23, 1991 and November 4, 1992, had not been applied toward her sentences in various federal criminal cases prosecuted in the Virgin Islands.

The matter of the calculation of petitioner's federal sentences has been addressed in detail in a prior habeas corpus action filed by petitioner in this district. See Davis-Rice v. United States, C 03-0464 DLJ.

In that action, petitioner challenged the BOP's calculation of consecutive sentences

---

[1] Petitioner has been released from custody and currently resides in Point Arena, California.  See Davis-Rice v. United States, C 11-3203 MMC.

imposed in three federal criminal cases, specifically, Case Nos. 88-0132, 88-0133, and 88-0403.[2] On April 14, 2005, after a hearing, the district court granted petitioner 1200 days of sentence credits on the ground the BOP had failed to apply federal good time credits as required by 18 U.S.C. § 5003(c), which provides that territorial prisoners are subject to all of the laws and regulations applicable to federal prisoners. The district court dismissed as unexhausted petitioner's claims regarding credit for time served. Thereafter, on September 5, 2006, after petitioner and the BOP reached a stipulated agreement, the district court granted petitioner an additional eight months and fifteen days of sentence credits.

Petitioner next filed the instant action, on November 27, 2007, claiming she had not been provided credit for time served in 1991 and 1992, and that she had now exhausted her administrative remedies with respect thereto.

On April 11, 2008, this Court dismissed the action as duplicative.

Petitioner appealed. The Ninth Circuit has remanded for the Court to reconsider whether petitioner's now-exhausted claims for credit for time served should have been dismissed by this Court as duplicative, in light of the fact such claims previously were dismissed as unexhausted in Case No. C 03-0464 DLJ.

The Court finds petitioner's claims for credit for time served remain subject to dismissal. Specifically, although those claims initially were dismissed as unexhausted in Case No. C 03-0464 DLJ, the parties later reached a stipulated agreement, in which petitioner agreed to dismiss all claims raised in that action. The stipulated agreement reads in relevant part:

> Petitioner's petition in this action shall be dismissed with prejudice. . . . Petitioner also agrees not to pursue any administrative remedies or U.S. District Court litigation relating to any issues raised in her petition in this action . . . . Petitioner Astarte Davis-Rice does hereby release and forever discharge the federal defendants, the United States and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and

---

[2] Petitioner had also been sentenced in a fourth criminal case, Case No. 91-030. She did not challenge the calculation of her sentence arising from that conviction.

2

demands of any kind and nature whatsoever arising out of the allegations set forth in petitioner's pleadings in this action.

Stipulation for Compromise Settlement and Release and Order, C 03-0464 DLJ.

In sum, petitioner dismissed her credit claims, including credit for time served, in return for her negotiated reduced sentence. The stipulation is a binding contract that forecloses petitioner from raising such claims here. See In re City Equities Anaheim, Ltd., 22 F.3d 954, 957-58 (9th Cir. 1994) (holding district court has power to "summarily enforce settlements").

Further, even if such claims had not been dismissed by the settlement, the claims now are subject to dismissal as moot. Specifically, the Court has confirmed through the BOP and the United States Probation Office that petitioner no longer is in custody and that her supervised release ended on May 13, 2011. Petitioner cannot seek credit on a sentence already served in full. See United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999) (holding challenge to prison sentence becomes moot once sentence has been served).

In sum, the Court finds petitioner's sentencing credit claims, although exhausted at the time she filed the instant petition, must be dismissed because (1) petitioner voluntarily dismissed those claims in a prior action, C 03-0464 DLJ, and (2) the claims are now moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition is hereby dismissed.

2. The Clerk shall enter judgment for respondent and close the file.

3. The Clerk is directed to change petitioner's address of record to reflect the following: Astarte Davis-Rice, P.O. Box 429, Point Arena, CA 95468.[3]

---

[3] The Point Arena P.O. Box is the most recent address on file for petitioner. See Case No. C 11-3203 MMC. Court mail sent to petitioner at her prior address of record has been returned as undeliverable. (See Dkt. No. 17.) Petitioner is reminded she must keep the Court and all parties informed of any change of address.

3

4.  The Clerk shall forward a copy of this order to the Ninth Circuit Court of Appeals and to petitioner at her updated address.

IT IS SO ORDERED.

DATED: November 2, 2011

_____
MAXINE M. CHESNEY
United States District Judge